**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

FRANK MASSUMI                                           CIVIL ACTION

VERSUS                                                  NO. 07-3496

SCOTTSDALE INSURANCE COMPANY          SECTION "C" (4)


**ORDER AND REASONS**


This matter comes before the Court on a motion to remand filed by the plaintiff, Frank

Massumi ("Massumi") (Rec. Doc. 4).  Defendant, Scottsdale Insurance Company ("Scottsdale")

opposes the motion. Having reviewed the record, the memoranda of counsel and the

applicable law, the Court has determined that remand is appropriate for the following

reasons.

Massumi's suit seeks damages for unpaid Katrina-related damages allegedly owed

under a homeowners policy issued by the defendant.   After the Court requested that the

parties submit memorandum regarding the amount in controversy, Massumi filed this motion

to remand in which he state that the jurisdictional amount is not present for diversity

purposes and in which he "stipulates" that any award he may receive "cannot exceed

[$74,999]," including  "attorney's fees and penalties." Rec. Doc. 4.

With regard to the existence of the jurisdictional minimum, the parties may neither

consent to nor waive federal subject matter jurisdiction.  Simon v. Wal-Mart Stores, Inc., 193

F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a

federal court of jurisdiction.  Asociacion Nacional De Pescadores A Pequena Escala O

Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir.

1993), cert. denied, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts

that they should review their subject matter jurisdiction in cases such as this.  Id.; Luckett v.

Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the

removing parties must prove by a preponderance of the evidence that the jurisdictional

minimum exists. Id.   This showing may be made by either: (1) demonstrating that it is facially

apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the

facts in controversy that support a finding of the jurisdictional minimum.  Id.  It is the

recognized burden of the party invoking jurisdiction "both to allege with sufficient

particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if

appropriately challenged, or if inquiry be made by the court of its own motion, to support the

allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938),

citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil

Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

Scottsdale argues that it is facially apparent that the jurisdictional minimum necessary

for diversity jurisdiction exists based on the remaining unpaid limits of the policy, attorney's

fees, damages and costs.  Rec. Doc. 5.  Scottsdale also argues that Massumi has not

sufficiently renounced his right to accept a judgment in excess of the jurisdictional minimum.

The Court finds that Scottsdale has not met its burden of showing that the jurisdictional amount is facially apparent.   The Court construes Massumi's stipulation as "binding" for purposes of La. Code Civ. P. art. 862 under the reasoning in <u>Crosby v. Lassen Canyon Nursery, Inc.</u>, 2003 WL 22533617 (E.D.La.)(J. Vance),  and it is otherwise significant evidence of the amount in controversy for present purposes.   Although the issue is close, Scottsdale presents no other proof that the jurisdictional minimum existed at the relevant time.

Based on the record and the law, the Court finds that Scottsdale has not established subject matter jurisdiction.  In addition, the Court is mindful that removal jurisdiction is strictly construed.  <u>See:</u> <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100 (1941); <u>Brown v. Demco, Inc.</u>, 792 F.2d 478 (5th Cir. 1986); <u>Butler v. Polk</u>, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

IT IS ORDERED that this matter be and hereby is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 18th day of July, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE